UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **LORI STARKEY,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:19-cv-00431-WCL-SLC |
| ) | |
| **NISSAN NORTH AMERICA INC.,** ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is a joint motion for protective order filed by the parties, seeking the Court's approval and entry of a proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c). (ECF 29). Because the proposed order (ECF 29-1) is deficient in various ways, the motion will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Though the proposed order is not entirely consistent on this point, it ultimately contemplates sealed filings (ECF 29-1 ¶¶ 12, 14; *but see* ECF 29-1 ¶ 13), and thus, requires a higher level of scrutiny.

Here, the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. Instead it allows a party to designate material "confidential" if it contains "confidential, commercially sensitive, private personal information, and/or proprietary information." (ECF 29-1 ¶ 1). But generic terms such as "confidential," "proprietary," and the like are far afield from a narrowly demarcated category. *See Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order").

Furthermore, "[i]f the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Also, the proposed order contemplates that the parties will submit documents to the Court for *in camera* review and contact the Court to "schedule a conference with the Magistrate Judge" before filing a "formal motion."  (ECF 29-1 ¶¶ 8, 11).  The Court is unwilling to agree in the hypothetical to these methods of dispute resolution; rather, the parties need to follow the Court's Local Rules, *see* N.D. Ind. L.R. 37-1, and file a motion with the Court in the event a dispute cannot be resolved by the parties.

Furthermore, as to the provision in paragraph 22 concerning the revocation or modification of the proposed order, to be clear, the terms of a protective order cannot be modified without the Court's approval.  Any modifications to the terms of the protective order are subject to the same requirements for the Court's initial approval and entry of a protective order, specifically that good cause exists and that the various safeguards required by the Seventh Circuit Court of Appeals are met.  *See Shepard*, 2003 WL 1702256, at *2 (emphasizing that a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders").

Finally, paragraph 23 of the proposed protective order states that the Court will retain jurisdiction over the parties and the protective order following termination of this litigation. (ECF 29-1 ¶ 23).  The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case.  *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

For these reasons, the Court DENIES without prejudice the Joint Motion for Entry of a Protective Order (ECF 29) and declines to enter the parties' proposed stipulated protective order (ECF 29-1).  The parties may submit another motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 23rd day of October 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge